# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHNNY B. MIMS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:25-cv-1576-ACA** |
| | } | |
| **CITY OF BIRMINGHAM, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Plaintiff Johnny Mims is a high school band director. In September 2023, Defendant Officer Christopher Davenport approached Mr. Mims and tased him while the band performed at a football game. This lawsuit followed. Mr. Mims's complaint asserts eight claims against Officer Davenport and Defendant City of Birmingham: excessive force in violation of the Fourth Amendment ("Count One"); unreasonable search and seizure in violation of the Fourth Amendment ("Count Two"); negligence ("Count Three"); *Monell* liability ("Count Four"); violation of substantive due process ("Count Five"); failure to train ("Count Six"); assault and battery ("Count Seven"); and outrage ("Count Eight").

The City moves to dismiss some claims under Federal Rule of Civil Procedure 12(b)(6) and for partial summary judgment under Rule 56 on other claims. (Doc. 6).

To provide notice to Mr. Mims, the court made clear that it would treat the motion as one for summary judgment to the extent the City relied on evidence outside of the pleadings. (Doc. 8).

For the reasons below, the court **WILL GRANT** the City's motion. (Doc. 6). The court **WILL GRANT** the motion and **WILL DISMISS** the request for punitive damages and the duplicative official capacity claims in Counts One, Two, Five, and Eight **WITH PREJUDICE**. The court **WILL GRANT** the motion and **WILL ENTER SUMMARY JUDGMENT** in the City's favor on the state law claims against the City in Counts Three, Seven, and Eight.

## I.    BACKGROUND

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). And when ruling on a motion for summary judgment, the court "view[s] the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve[s] all reasonable doubts about the facts in favor of the non-movant." *Washington v. Howard*, 25 F.4th 891, 897 (11th Cir. 2022) (quotation marks omitted).

Plaintiff Johnny Mims is the band director at Minor High School. (Doc. 1 ¶ 7). While Mr. Mims was performing his job duties at a football game at Jackson Olin

2

High School, Officer Davenport and other officers approached Mr. Mims. (*Id.* ¶¶ 7–8). The officers began to "physically attack[], assault[], and tase[]" Mr. Mims despite no wrongdoing. (*Id.*).

Mr. Mims did not file a notice of claim or a lawsuit against the City within six months of the incident. (Doc. 6-1; *see* doc. 1 ¶ 4).

## II.   DISCUSSION

"To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The City seeks to dismiss all duplicative official capacity claims against Officer Davenport and any request for punitive damages. It moves for summary judgment on all state law claims. The court takes each in turn.

### 1.  Official Capacity Claims

The City argues that any claims brought against Officer Davenport in his official capacity are due to be dismissed as duplicative to the extent those claims are

3

also brought against the City. (Doc. 6 at 7–8). The court agrees. Counts One, Two, Five, and Eight bring claims against Officer Davenport in his official capacity and the City, making the claims duplicative. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly."); *Ex parte Gilland*, 274 So. 3d 976, 980 n.1 (Ala. 2018) ("[C]laims that are brought against municipal employees in their official capacity are, as a matter of law, claims against the municipality." (quotation marks omitted)). The court therefore **WILL GRANT** the City's motion with respect to official capacity claims in Counts One, Two, Five, and Eight.[1]

### 2.  Punitive Damages

The City also moves to dismiss any request for punitive damages. (Doc. 6 at 9). Mr. Mims concedes that the City cannot be liable for punitive damages. (Doc. 11 at 9); *see* Ala. Code § 6-11-26; *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, the court **WILL GRANT** the City's motion.

---

[1] Count Three expressly limits its allegations to an individual capacity claim against Officer Davenport and a claim against the City. (Doc. 1 ¶ 23).

### 3. State Law Claims

The City argues that Mr. Mims failed to comply with Alabama's notice of claim statute, so the court should enter summary judgment in its favor on all state law claims against the City, including Count Seven against Officer Davenport in his official capacity.[2] (Doc. 6 at 4–6). Alabama law requires "[a]ll claims against the municipality" to "be presented to the clerk for payment within two years from the accrual of said claim or shall be barred." Ala. Code. § 11-47-23. But "[c]laims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." *Id.* Alabama law also requires that "a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed" to recover against a municipality for a personal injury claim. *Id.* § 11-47-192.

Here, Mr. Mims asserts three claims against the City—negligence (Count Three), assault and battery (Count Seven), and outrage (Count Eight). (Doc. 1 at 8–9, 16–18). But the undisputed evidence establishes—and Mr. Mims concedes—that Mr. Mims did not file a notice of claim with the City. (Doc. 6-1; doc. 11 at 5).

---

[2] As explained above, official capacity claims against Officer Davenport are, as a matter of law, against the City. *See Ex parte Gilland*, 274 So. 3d at 980 n.1.

Accordingly, Alabama law bars the state law claims against the City in Counts Three, Seven, and Eight.

Mr. Mims offers two arguments in response, but neither is persuasive. First, Mr. Mims contends that the court is not bound by Alabama's statute of limitations. (Doc. 11 at 6). That may be true for the federal claims, but it is not true for the state law claims brought under the court's supplemental jurisdiction. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938). Here, the court is bound by Alabama law when applying substantive state law. *Id.*

Second, Mr. Mims argues that the City could have become aware of the incident by "media coverage"; thus, he "substantially complied" with the statute. (Doc. 11 at 7–8). A plaintiff may substantially comply with Alabama's notice of claim statute by either giving notice of his claims or filing an action within the six-month period. *See Stabler v. City of Mobile*, 844 So. 2d 555, 564 (Ala. 2002); *Hill v. City of Huntsville*, 590 So. 2d 876, 876–77 (Ala. 1991). Even if a municipality has actual knowledge of a potential claim, that does not excuse a plaintiff's failure to substantially comply with the statute. *Stabler*, 844 So. 2d at 567–68. Accordingly, Mr. Mims's argument fails because even if the City received actual notice through "media coverage," it fails to establish substantial compliance.

Mr. Mims also notes the City could have learned about the incident through "communications with Plaintiff's counsel." (Doc. 11 at 7). But Mr. Mims failed to

6

submit any evidence that his counsel communicated "an intention to sue" within the required period. *Large v. City of Birmingham*, 547 So. 2d 457, 458 (Ala. 1989). The court notified Mr. Mims that it converted the City's motion to one for summary judgment to the extent the City relied on information outside the pleading and provided "reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d); (doc. 8). Mr. Mims could have submitted a competing affidavit or other evidence establishing communications with the City. He failed to do so. Because there is no genuine issue of fact as to whether Mr. Mims complied with Alabama's notice of claim statute, the court **WILL GRANT** the City's motion for summary judgment.

## III.   CONCLUSION

For the reasons above, the court **WILL GRANT** the City's motion. (Doc. 6). The court **WILL GRANT** the motion and **WILL DISMISS** the request for punitive damages and the duplicative official capacity claims in Counts One, Two, Five, and Eight **WITH PREJUDICE**.

The court **WILL GRANT** the motion and **WILL ENTER SUMMARY JUDGMENT** in the City's favor on the state law claims against it in Counts Three, Seven, and Eight.

**DONE** and **ORDERED** this April 29, 2026.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE