# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHNNY B. MIMS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:25-cv-1576-ACA** |
| | } | |
| **CITY OF BIRMINGHAM, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Johnny Mims is a high school band director. In September 2023, Defendant Officer Christopher Davenport approached Mr. Mims and tased him while the band performed at a football game. This lawsuit followed. Officer Davenport moves to dismiss all claims against him pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5). Despite multiple extensions of time, Mr. Mims has failed to properly serve Officer Davenport. Accordingly, the court **WILL GRANT** the motion and **WILL DISMISS** all claims against Officer Davenport **WITHOUT PREJUDICE**.

## I.    BACKGROUND

In September 2025, Mr. Mims filed this action. (*See* doc. 1). After filing the complaint, Mr. Mims sent the complaint and a summons addressed to Officer

Davenport to the Clerk for the City of Birmingham. (Doc. 5). The return was not signed. (*Id.*). Officer Davenport moved to dismiss based on improper service. (Doc. 7). Although service was not proper, the court granted Mr. Mims another opportunity to serve Officer Davenport. (Doc. 14).

In February 2026, Mr. Mims filed another return of service. (Doc. 18). But the summons did not have the court's seal or the clerk's signature. (*See id.*). Accordingly, service was not proper, but the court again granted Mr. Mims an extension of time to serve Officer Davenport. (Doc. 22; *see* doc. 19).

In April 2026, Mr. Mims filed another return of service. (Doc. 23). The box that indicates a defendant has been personally served is not checked, but the process server filled in a personal service address in the same section. (*Id.* at 2).

## II.   DISCUSSION

Officer Davenport moves to dismiss all claims against him because Mr. Mims has failed to timely and properly serve him. (Doc. 29). A plaintiff must serve a defendant within ninety days of the filing of the complaint, unless the court grants additional time. Fed. R. Civ. P. 4(m). To properly serve an individual, a plaintiff may (1) follow state law procedures, (2) personally serve the defendant, (3) leave a copy of the complaint and summons at the defendant's home with someone of suitable age who resides there, or (4) deliver the documents to an authorized agent. *Id.* 4(e). Once the defendant challenges service of process, the plaintiff bears the

burden of proving sufficient service. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980), *abrogated on other grounds by Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).[1]

Mr. Mims filed a "return on service of writ." (Doc. 23). The document seemingly attests that the process server personally served Officer Davenport on April 3, 2026 at Dupuy Alternative School. (*Id.* at 2; *see* doc. 29-1). But Officer Davenport and another officer who was present at the school attested that he was not personally served as Mr. Mim's proof of service alleges. (Doc. 29-1; doc. 31-2). Accordingly, Mr. Mims bears the burden of establishing that he properly served Officer Davenport.

Mr. Mims did not satisfy his burden. Mr. Mims's response to the motion to dismiss seemingly admits that Officer Davenport was never personally served. (*See generally* doc. 33). The response never contends that Officer Davenport was personally served—only that Mr. Mims engaged in "good faith" efforts and that Officer Davenport knew Mr. Mims was attempting to serve him. (*See id.* at 2–9). Nor does the response dispute Officer Davenport's evidence that he was not served. (*Id.*). Instead, Mr. Mims attaches affidavits from two process servers that admit that they never personally served Officer Davenport. (Docs. 33-1, 33-2). Thus, Mr. Mims

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

provided no evidence that he properly served Officer Davenport.

Instead of providing evidence of proper service, Mr. Mims argues for a host of exceptions to the service requirement. (Doc. 33 at 2–3, 6–7). But policy considerations, prejudice, and good faith cannot override the text of the Federal Rules of Civil Procedure. *See United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011) (explaining that "considerations of policy divorced from the statute's text and purpose could not override its meaning"). And "[s]ervice of process is a jurisdictional requirement"—the court cannot carve out exceptions based on equity arguments. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)

Mr. Mims also asks for yet another extension of time and authorization to serve Officer Davenport via alternative methods, such as email. (Doc. 33 at 4–6). But Mr. Mims buried his request in an opposition brief. Federal Rule of Civil Procedure 7(b) makes clear that "[a] request for a court order must be made by motion." Thus, Mr. Mims has not properly sought an extension of time to serve Officer Davenport or to serve him via alternative methods. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009) (holding that a court did not abuse its discretion in denying a party's "requests" that were "buried . . . in its briefs" instead of asserted by motion).

Finally, Mr. Mims argues that Officer Davenport has waived his objections to

service by filing two motions to dismiss. (Doc. 33 at 8, 9–11). But both motions to dismiss were based on improper service. (*See* doc. 7; doc. 29). And Officer Davenport has not otherwise appeared in this litigation. The court has already rejected this argument. (Doc. 14 at 2); *see Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A] defendant's actual notice is not sufficient to cure defectively executed service."). Nevertheless, Mr. Mims seemingly copied the arguments that the court already rejected into his latest filing. (*Compare* doc. 10 at 3–5, *with* doc. 33 at 9–11). The court once again rejects Mr. Mims's arguments. The court therefore **WILL GRANT** Officer Davenport's motion.

### III.   CONCLUSION

For the reasons above, the court **WILL GRANT** Officer Davenport's motion and **WILL DISMISS** all claims against him **WITHOUT PREJUDICE** for Mr. Mims's failure to properly serve. (Doc. 29).[2]

**DONE** and **ORDERED** this July 13, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[2] Officer Davenport supplemented his motion with additional evidence. (Doc. 31). He filed the document as a motion. Because the court relies only on the arguments presented in his original motion and the supplemental motion seeks no additional form of relief, the court **FINDS AS MOOT** the motion. (Doc. 31).